UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13482-GAO

ANDREW MARK ANTHONY ALEXANDER,
Petitioner,

v.

ATTORNEY GENERAL ERIC HOLDER,
Respondent

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court denies the petition for a writ of habeas corpus.

On August 22, 2014, Andrew Mark Anthony Alexander, an immigration detainee confined at the Franklin County Jail and House of Correction, filed a petition for a writ of habeas corpus in which he seeks "injunction relief against the removal order imposed on him" and "to remedy the human rights violations of Gay Lesbian (LGBT) people." Pet. at 1, ¶ 1 (capitalization standardized). Alexander alleges that the immigration judge and Board of Immigration Appeals failed to correctly interpret the law and that the immigration proceedings were "unethical and prejudicial." Id. at 3. The petitioner implies that he will be subject to tortured if he is removed to Jamaica.

The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

The Court must deny the petition. The REAL ID Act of 2005, § 106, Pub. L. No. 109-13, 119 Stat. 231, 311, stripped federal district courts of jurisdiction over challenges to a removal order. Judicial review of an order of removal is only available before the appropriate court of appeals. See 8 U.S.C. § 1252(a)(5). If Alexander seeks judicial review of his order of removal,

he must seek relief from the federal court of appeals for the circuit in which the immigration proceedings were held.[1] The REAL ID Act does not preclude habeas review of "challenges to detention that are independent of challenges to removal orders," see Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005)), but Alexander does not present such a claim here.

Accordingly, the petition for a writ of habeas corpus is DENIED. No filing fee shall be assessed.

SO ORDERED.

| _9/12/14_ | /s/ George A. O'Toole, Jr. |
|---|---|
| DATE | GEORGE A. O'TOOLE, JR. |
| | UNITED STATES DISTRICT JUDGE |

---

[1] The Court observes that the Judiciary's electronic case records indicate that Alexander has filed a petition for judicial review of his removal order with the Second Circuit and has filed a motion for a stay of removal. See Alexander v. Holder, App. No. 14-3086 (2d Cir.).